**SIGNED.**

Dated: June 12, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| GRECO-ROMAN, INC., | No. 0-06-bk-00247-JMM |
| Debtor. | Adv. No. 0-07-ap-00009-JMM |
| BANK OF AMERICA, N.A., | **MEMORANDUM DECISION RE:** |
| Plaintiff, | **MOTION TO DISMISS MCA FINANCIAL** |
| vs. | **GROUP, LTD.** |
| DAVID M. REAVES, Chapter 7 Trustee, | |
| Defendant. | |
| DAVID M. REAVES, Chapter 7 Trustee, for and on behalf of the estate herein, | |
| Counterclaimant and Third-Party Plaintiff | |
| vs. | |
| BANK OF AMERICA, N.A., | |
| Counterdefendant, | |
| and | |
| SNAKEBITE LEASING, INC. fka Sellers Petroleum Products, Inc.; GP RESOURCES, INC., dba General Petroleum; and ABC ENTITIES 1-20; ABC ENTITIES 21-40, | |
| Third-Party Defendants. | |

| | |
|---|---|
| SNAKEBITE LEASING, INC., fka Sellers Petroleum Products, Inc., et al., | )<br>)<br>) |
| Third-Party Plaintiff | ) |
| vs. | )<br>) |
| BANK OF AMERICA, N.A., a national bank association, and MCA FINANCIAL GROUP, LTD., | )<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

In this adversary proceeding, one of the third-party defendants, MCA Financial Group, Ltd. ("MCA"), has asked the court to dismiss the third-party complaint filed against it by Snakebite Leasing, Inc. ("Snakebite") (Dkt. #37).

The court heard oral argument thereon on May 23, 2008, has considered the facts, pleadings, law and argument of the parties, and now rules.

## **MOTION TO DISMISS**

In ruling on a motion to dismiss for failure to state a claim, under FED. R. CIV. P. 12(b)(6) (incorporated by FED. R. BANKR. P. 7012), a bankruptcy court accepts, as true, all well-pled allegations and construes the complaint in the light most favorable to the nonmoving party. *In re Magnacom Wireless, LLC,* 503 F.3d 984, 990 (9th Cir. 2007); *In re Valenti*, 310 B.R. 138, 144 (9th Cir. BAP 2004). A motion to dismiss should only be granted if the complaint fails to set forth "'enough facts to state a claim to relief that is plausible on its face.'" *Weber v. Dept. of Veterans Affairs*, 512 F.3d 1178, 1181 (9th Cir. 2008) (citing, _ U.S. _, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

If additional facts are set forth beyond those expressed in the complaint, the motion takes on the attributes of a motion for summary judgment. *See* FED. R. CIV. P. 12(d); FED. R. BANKR. P. 7056/FED. R. CIV. P. 56. A motion for summary judgment will be granted if, in viewing

the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Weber*, 512 F.3d at 1181; FED. R. CIV. P. 56(c).

**FACTS**

In this case, the operative facts pertinent to the relationship between Snakebite and MCA are not in dispute.

1. Prior to the instant involuntary bankruptcy proceeding, the Superior Court of Maricopa County was administering a civil action, cause no. CV2006-010640.

2. That state court proceeding involved a variety of assets, alleged to be the property of numerous related entities (the "Entities").[1]

3. During the course of that state court proceeding, on August 1, 2006, the Superior Court appointed an independent receiver to take charge of, and administer the assets under its jurisdiction.

4. MCA was appointed as the state court receiver.

5. On September 22, 2006, an involuntary chapter 7 bankruptcy proceeding was filed against Greco-Roman, Inc., the Debtor in this case.

6. Three days later, on September 25, 2006, the state court executed an order selling all of the entities' assets, over which it had jurisdiction, to Snakebite. In that order, the Superior Court specifically referenced the pending bankruptcy of Greco-Roman, and stated that to the best information possessed by all parties, and "it appearing that the assets to be sold are not assets of Greco-Roman, Inc.," that MCA, as receiver, was authorized to sell the assets listed in the Asset Purchase Agreement. (Ex. 3 to Dkt. #18 (related to Dkt. #17).)

7. Snakebite was, at the time of the entry of the Bankruptcy Court order, aware that Greco-Roman was in an involuntary bankruptcy proceeding.

---

[1] Those entities are: Trinity Oil Company, White Dove Group, Greco-Roman, Inc., and McNanna, Inc.

8. MCA signed the Asset Purchase Agreement, not in its corporate or personal capacity, but solely in its acting capacity as the court-appointment receiver in case no. CV2006-10640. (Ex. 2 to Dkt. #18 (related to Dkt. #17) (signature block).) In that document, at paragraph 10, the receiver specifically stated that the sale was an "as is, where is" sale, without "any warranty whatsoever . . ."

9. In addition, at paragraph 8.3, the Asset Purchase Agreement provided that the sale was dependent upon the entry of an order from the Superior Court.

10. The Superior Court's jurisdiction over any assets of Greco-Roman had been removed by the time of the September 25, 2006 order, and all parties were aware of that fact. Jurisdiction over the Greco-Roman assets was now in the Bankruptcy Court.

11. The Superior Court intended, as did all of the affected parties (including MCA and Snakebite) that Greco-Roman's assets were not included in the asset list of the property sold to Snakebite.

12. Later, in Greco-Roman's bankruptcy proceeding, its trustee, David Reeves, filed this lawsuit against Snakebite, asserting that some of the assets which had been transferred to Snakebite were, in fact, assets belonging to Greco-Roman, and which belonged in the bankruptcy case. That issue has not yet been decided.

13. To date, Snakebite has not returned or delivered any purchased asset to Greco-Roman's estate.

**LAW**

Arizona law provides that "[t]he superior court or a judge thereof may appoint a receiver to protect and preserve property or the rights of parties therein, even if the action includes no other claim for relief." ARIZ. REV. STAT. § 12-1241. ARIZ. R. CIV. P. 66(b)(2) provides that the receiver shall make an oath, and secure a bond, that the receiver "will faithfully discharge the duties of the receiver in the action and obey the orders of the court."

A state court receiver acts as an arm of the appointing court in a matter over which the state court has jurisdiction. *See Ferguson v. Superior Court*, 76 Ariz. 31, 34, 258 P.2d 421, 432 (1953); *S.E.C. v. American Capital Invs., Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996) (a receiver sells property as the "arm of the court and not as holder of the legal title") (citing 3 CLARK ON RECEIVERS § 920 (3d ed. 1992)); *Int'l Trust Co. v. Decker Bros.*, 152 F. 78, 82 (9th Cir. 1907).

As such, acts that are authorized by the court and done in that capacity have quasi-judicial immunity, which is derived from the judge, and do not create personal liability to for the receiver or its surety. See, e.g., New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1302-03 (9th Cir. 1989) ; Bennett v. Williams, 892 F.2d 822, 823 (9th Cir. 1989) (bankruptcy trustees); Davis v. Bayless, 70 F.3d 367, 374 (5th Cir. 1995); Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987).

In contrast,

> [w]hen a receiver accepts appointment to its office, it undertakes duties to the court and to the estate. These duties are personal and supported by a surety. Derivative judicial immunity does not immunize a receiver for breach of these duties. Normally, a receiver must account personally to its appointing court for the performance of its duties and compliance with the appointing court's orders. However, to the extent that a receiver has merely performed actions which the court ordered it to take, a receiver should be immunized from liability to the estate.

*In re Sundance Corp, Inc.*, 149 B.R. 641, 654 (Bankr. E.D. Wash. 1993) (applying similar law).

To determine the nature of MCA's actions, as state court receiver, the bankruptcy court must look at the totality of circumstances. *See id.* [2] Here, MCA, acting only its capacity as

---

[2] The bankruptcy court stated, in *Sundance*:

> The strength of a receiver's argument for immunity based on compliance with a court's order depends upon the totality of circumstances in which an order is drawn. An order's immunizing power varies with the extent that a court is fully informed as to the nature of the options available for its consideration, and that notice and opportunity is given to interested parties to participate in the decision-making process. See, Bennett, 892 F.2d at 823. An order which is the result of such a process will provide much more protection than one which is the product of a receiver's mere suggestion. If the court and the interested parties are fully advised of the risks and options available to a receiver, given an opportunity to state their views on the proposed action, and the court's order then adopts the receiver's proposal, it would be difficult indeed to fault a receiver for following that order. To the

receiver, executed the agreement solely in that capacity, passed no warranties to Snakebite, and acted only pursuant to the appointing Superior Court's order.

In addition, all of the parties knew about the bankruptcy filing and fully participated in the sale proceeding. The Superior Court specifically referenced the bankruptcy of Greco-Roman and stated, that to the best information possessed by all parties at the time, and "it appearing that the assets to be sold are not assets of Greco-Roman, Inc.," MCA, as receiver, was authorized to sell the assets listed in the Asset Purchase Agreement.

It was not then known to MCA, nor was it MCA's responsibility to know, that Greco-Roman's bankruptcy trustee would later take the position that certain Greco-Roman assets had been included in that sale. MCA was not, after disclosing all pertinent information to Snakebite, an insurer of Snakebite's title. Snakebite possessed the same information as MCA, and could have refused to proceed with the sale if it was nervous about the Greco-Roman bankruptcy case. The sale proceeds from the Entities' sale were paid to Bank of America, the Superior Court plaintiff. Snakebite's claim for damages, or for a refund of a portion of its purchase price, is more properly directed to either the bank or the trustee, if any judgment is ever rendered against Snakebite and it is required to return property to the bankruptcy estate.

But MCA is not Snakebite's proper target. MCA acted only as the court-appointed receiver for the court. It has no personal liability for carrying out that court's direction, implementing the Superior Court's order and completing the statutory duties imposed upon receivers pursuant to the Arizona Revised Statutes. *See* ARIZ. REV. STAT. § 12-1241 to 1242.

---

extent an order is born of such a fully informed process, a receiver may justifiably assert derivative judicial immunity based upon the order. But if a receiver did not analyze the risks inherent in the various known options and bring the risks to the attention of the court and the parties for their consideration in the decision making process, then the court order will not provide immunity and a receiver will have to defend itself on the merits of whether it acted with reasonable business judgment.

*Sundance Corp.*, 149 B.R. at 654-55.

## **CONCLUSION**

Accordingly, on the undisputed facts before the court, MCA's motion to dismiss, or alternatively its motion for summary judgment shall be granted. MCA's counsel shall lodge a form of partial judgment, dismissing MCA from the instant litigation, including FED. R. CIV. P. 54(b) language, and providing that each party shall bear its own costs and fees.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Christopher H. Bayley
Benjamin W. Reeves
Snell & Wilmer L.L.P.
One Arizona Center
Phoenix, Arizona 85004-2202           Email: cbayley@swlaw.com
Attorneys for MCA Financial Group, Ltd   Email: breeves@swlaw.com

Steven M. Cox
Waterfall Economidis Caldwell Hanshaw & Villamana, P.C.
5210 E. Williams Cir., #800
Tucson, AZ 85711
Attorneys for Snakebite                Email: smcox@wechv.com

Gary G. Keltner
Jennings, Strouss & Salmon, P.L.C.
201 E. Washington St., 11th Floor
Phoenix, AZ 85004-2385
Special Counsel to Trustee             Email gkeltner@jsslaw.com

John R. Clemency
Todd A. Burgess
Greenberg Traurig LLP
2375 E. Camelback Rd., Suite 700
Phoenix, AZ 85016-9000                 Email clemencyj@gtlaw.com
Attorneys for Bank of America, N.A.    Email burgesst@gtlaw.com

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706                 U.S. Mail

By /s/ M. B. Thompson
      Judicial Assistant