**SIGNED.**



Dated: July 11, 2008


**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| GRECO-ROMAN, INC., | No. 0-06-bk-00247-JMM |
|                         Debtor. | Adv. No. 0-07-ap-00009-JMM |
| BANK OF AMERICA, N.A., | **MEMORANDUM DECISION AND ORDER** |
|                         Plaintiff, | **(Re: Bank of America, N.A.'s Motion to** |
| vs. | **Dismiss or for More Definite Statement)** |
| DAVID M. REAVES, Chapter 7 Trustee, | |
|                         Defendant. | |
| DAVID M. REAVES, Chapter 7 Trustee, for and on behalf of the estate herein, | |
|                         Counterclaimant and Third-Party Plaintiff | |
| vs. | |
| BANK OF AMERICA, N.A., | |
|                         Counterdefendant, | |
| and | |
| SNAKEBITE LEASING, INC. fka Sellers Petroleum Products, Inc.; GP RESOURCES, INC., dba General Petroleum; and ABC ENTITIES 1-20; ABC ENTITIES 21-40, | |
|                         Third-Party Defendants. | |

| | |
|---|---|
| SNAKEBITE LEASING, INC., fka Sellers Petroleum Products, Inc., et al., | ) ) ) |
| Third-Party Plaintiff vs. | ) ) ) ) |
| BANK OF AMERICA, N.A., a national bank association, and MCA FINANCIAL GROUP, LTD., | ) ) ) ) |
| Third-Party Defendants. | ) ) |

On June 27, 2008, this court heard argument on the Motion to Dismiss or for More Definitive Statement Regarding Trustee's Counterclaim and Third-Party Complaint (Dkt. #36) filed by Bank of America, N.A.

Bank of America's principal grievance is that the Trustee's counterclaim consisting of 81 pages, and 481 numbered paragraphs, is difficult to read, overly cumbersome and requires discovery even before being able to answer. In addition, there are 15 claims for relief, many of which are directed against all Counterdefendants generally, of which there are three named, and 40 fictitious parties. Because of its length and complex factual summary, which consists of the first 70 pages and 426 separately numbered paragraphs, Bank of America argues that it is difficult to frame its answer, because it is uncertain as to which counts, facts and prayers for relief apply to it, and it alone.

The court agrees with Bank of America. It should not be necessary, at this initial stage of the proceedings, for Bank of America to admit or deny each of the very specific factual paragraphs pled by the Trustee. These types of specific factual recitations are more akin to what the parties might develop as the case advances, and perhaps be more appropriate to a motion for summary judgment, once the parties have had a more deliberate period of time to exchange information and work through discovery. For now, the Trustee needs to more generally describe exactly what it is that Bank of America has done that creates legal liability, and then state its legal theories and prayers for relief more succinctly.

As a legal matter, the counterclaim is too cumbersome, and violates FED. R. CIV. P. 8(a)(2) and (3), which call for "a short and plain statement" of the claims and relief sought. From

1  there, then, the parties can proceed to discovery, and collaborate on how best to winnow down the
2  case to its essence.
3      Rule 8 requires that a complaint set forth all claims in short and plain terms, and in
4  a manner that is simple, concise and direct. FED. R. BANKR. P. 7008 incorporates the federal rule.
5  The complaint need not, however, allege every fact constituting the claim for relief or detailed
6  evidentiary facts--it need only give fair notice of the plaintiff's claim so that the opposing party can
7  respond, undertake discovery and prepare for trial. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 47-48,
8  78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bautista v. Los Angeles County*, 216 F. 3d 837, 843 (9th
9  Cir. 2000).
10     In a case where a similar motion was decided just a few weeks ago, District Judge
11 Ronald B. Leighton (W.D. Wash.) encountered a similar problem with a 465-page complaint.
12 There, Judge Leighton granted a motion for more definite statement, and concluded with a short but
13 pithy pronouncement:

> Plaintiff has a great deal to say,
> But it seems he skipped Rule 8(a),
> His Complaint is too long,
> Which renders it wrong,
> Please re-write and re-file today.

*Presidio Group, LLC v. GMAC Mortgage, LLC,* Case No. 08-5298 RBL, Western District of Washington at Tacoma (docketed June 27, 2008).

**CONCLUSION AND ORDER**

Bank of America's motion for more definite statement is GRANTED;

Bank of America's motion to dismiss is DENIED; and

The Trustee is directed amend his complaint, at this time as to Bank of America only, and set forth a short and plain statement of the causes of action and claims it has against Bank of America, in ten pages or less. The Trustee may have 14 days within which to do so (until July 25, 2008).[1]

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Christopher H. Bayley
Benjamin W. Reeves
Snell & Wilmer L.L.P.
One Arizona Center
Phoenix, Arizona 85004-2202         Email: cbayley@swlaw.com
Attorneys for MCA Financial Group, Ltd         Email: breeves@swlaw.com

Steven M. Cox
Waterfall Economidis Caldwell Hanshaw & Villamana, P.C.
5210 E. Williams Cir., #800
Tucson, AZ 85711
Attorneys for Snakebite         Email: smcox@wechv.com

Gary G. Keltner
Jennings, Strouss & Salmon, P.L.C.
201 E. Washington St., 11th Floor
Phoenix, AZ 85004-2385
Special Counsel to Trustee         Email gkeltner@jsslaw.com

John R. Clemency
Todd A. Burgess
Greenberg Traurig LLP
2375 E. Camelback Rd., Suite 700
Phoenix, AZ 85016-9000         Email clemencyj@gtlaw.com
Attorneys for Bank of America, N.A.         Email burgesst@gtlaw.com

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706         U.S. Mail

By /s/ M. B. Thompson
    Judicial Assistant

---

[1] The Trustee has suggested there may be an alternate way to resolve this matter, but this court must act on the pleadings before it. If the parties stipulate to an alternate method of framing the issues, this court will have no objection thereto.